UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

v.                                Criminal No. 97-cr-131-JD

John E. Schomaker


O R D E R


John E. Schomaker, proceeding pro se, has filed a motion for
the return of his property, which was seized by the government
when he was arrested in 1997.  Specifically, Schomaker contends
that the government seized and never returned his computer,
printer, monitor, "zip drive," cameras, computer speakers,
joystick, keyboard, ink cartridges, three computer mice,
diskettes, video tapes, CD ROMs, books and manuals, computer
cables, and assorted papers.  He also states that the listed
property was never subject to forfeiture proceedings.  In
response, the government confirms that most of the listed
property was seized from Schomaker's home, that the property has
not been returned to him, and that the property was never subject
to forfeiture.  The government objects to Schomaker's motion on
the ground that it is untimely.


Discussion

Federal Rule of Criminal Procedure 41(g) provides:  "A
person aggrieved by an unlawful search and seizure of property or
by the deprivation of property may move for the property's

return."  When a Rule 41(g) motion is filed in a criminal case,
it is to be treated as a civil proceeding for equitable relief,
and the motion is to be treated as a civil complaint.  United
States v. Torres Gonzalez, 240 F.3d 14, 17 (1st Cir. 2001);
United States v. Giraldo, 45 F.3d. 509, 511 (1st Cir. 1995).
Rule 41(g) also provides for venue "in the district where the
property was seized."

A circuit split existed under the predecessor to Rule 41(g),
Rule 41(e), as to where venue would properly lie for post-
conviction motions seeking the return of property.  See Foehl v.
United States, 238 F.3d 474, 481 n.9 (3d Cir. 2001).  The Seventh
Circuit and courts in the Second and Fifth Circuits continue to
follow the doctrine of ancillary jurisdiction in the district
where the criminal trial was held, which was developed under Rule
41(e).  See Rosario v. United States, 2006 WL 721360, at *2
(E.D.N.Y. Mar. 20, 2006); Ezenwa v. United States, 2006 WL
696557, at *3 (S.D. Tex. Mar. 16, 2006)  The Third Circuit,
however, interprets Rule 41(g) to limit venue to the district
where the property was seized.  See United States v.
Parlavecchio, 57 Fed. Appx. 917, 921 (3d Cir. 2003) (unpublished
decision); Foehl, 238 F.3d at 481 n.9; United States v. Houshar,
2006 WL562206, at *7 (E.D. Pa. Mar. 7, 2006).  The First Circuit
has not expressed its view on the venue issue.

Schomaker's property was seized pursuant to a warrant issued
in the Northern District of New York.  He was charged with child

pornography offenses in the Northern District of New York and
this district, but the charges in the Northern District were
transferred to this district, where Schomaker pled guilty and was
sentenced.  The government has not raised venue as an issue.  The
court will assume that venue for Schomaker's post conviction
motion is appropriate in this district, where he pled guilty and
was sentenced and where his property was held during the criminal
proceedings against him.

No statute of limitations expressly governs Rule 41(g)
motions.  United States v. Sims, 376 F.3d 705, 708 (7th Cir.
2004).  Courts have evaluated the timeliness of Rule 41(g)
motions under the doctrine of laches.[1]  See, e.g., United States
v. Mount, 1993 WL 521828, at *1 (1st Cir. 1993) (unpublished
decision).  More frequently, however, courts apply the
limitations period provided in 28 U.S.C. § 2401(a) for civil
actions against the United States.  See United States v.
Rodriguez-Aguirre, 414 F.3d 1177, 1180 (10th Cir. 2005)
(recognizing that laches may apply to shorten the statutory
period); Sims, 376 F.3d at 708-09; United States v. Wright, 361
F.3d 288, 289 (5th Cir. 2004).

Courts that have addressed the issue differ on the time of
accrual.  The Tenth Circuit holds that the "date on which a
claimant can reasonably be expected to inquire after property

---

[1]Laches is an affirmative defense, however, which the
government has not raised.  See Gonzalez-Gonzalez v. United
States, 257 F.3d 31, 37 (1st Cir. 2001).

that has been seized by the United States in conjunction with criminal proceedings, but has not been the subject of criminal, civil or administrative forfeiture proceedings, is the date on which the criminal proceedings against the claimant have concluded." United States v. Rodriguez Aguirre, 264 F.3d 1195, 1212 (10th Cir. 2001). The Seventh Circuit, however, holds that the period runs "from the conclusion of the criminal proceedings or civil forfeiture proceedings, or, if no such proceedings are instituted, from the expiration of the statute of limitations for filing the criminal or civil forfeiture case, . . . but can be tolled if the defendant is unable despite diligent inquiry to file his claim in time." Sims, 376 F.3d at 709. The limitations period for filing a forfeiture action is provided by 19 U.S.C. § 1621, which allows such actions to be brought "within five years after the time when the alleged offense was discovered, or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, whichever was later."

If the Tenth Circuit's accrual rule were applied here, Schomaker's claim would not be timely because his criminal proceeding concluded, at the latest, in June of 1999, and he did not file his claim within six years of that date. If the Seventh Circuit's rule were applied, assuming the five-year limitation period for bringing a civil forfeiture proceeding against Schomaker's property began on April 2, 1997, when the property

4

was seized, Schomaker's claim for the return of his property accrued five years later, in April of 2002.  Applying the six-year limitation period provided in § 2401(a), Schomaker would have until April 2, 2008, to file a claim under Rule 41(g).  In that case, Schomaker's claim would be timely.

The court need not choose between the different accrual rules, however, because the government represents that the property that was seized from Schomaker, which may not include all of the items Schomaker lists on his schedule of property, has been destroyed.[2]  As a result, that property cannot be returned to Schomaker, leaving money damages as his only remedy.  This court lacks jurisdiction to grant money damages in the context of a Rule 41(g) motion.  See United States v. Jones, 225 F.3d 468, 470 (1st Cir. 2000).

Instead, Schomaker may be able to make a claim for the value of his destroyed property under the Federal Tort Claims Act, 28 U.S.C. § § 2671–81.  See Clymore v. United States, 415 F.3d 1113, 1118 (10th Cir. 2005); United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001).  A prerequisite for such an action, however, is that the claim first be presented to the appropriate federal agency within two years after the claim accrued.  28 U.S.C. § § 2401(b) & 2675(a).  "[A]n action under the FTCA accrues when the

---

[2]The Assistant United States Attorney in this case represents in his objection to Schomaker's Rule 41(g) motion that he learned Schomaker's property was missing and probably had been destroyed when he searched for the property in response to Schomaker's motion.

injured party knew or, in the exercise of reasonable diligence, should have known the factual basis for the cause of action." Rakes v. United States, 442 F.3d 7, 19 (1st Cir. 2006) (internal quotation marks omitted).

### Conclusion

For the foregoing reasons, the defendant's motion for the return of property (document no. 43) is denied due to a lack of subject matter jurisdiction and without prejudice to the defendant's pursuing a claim under the Federal Tort Claims Act.

SO ORDERED.

Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 9, 2006

cc:  John E. Schomaker, pro se
     Arnold H. Huftalen, Esquire